## 12629. RUDULPH *v.* THE STATE.

A conviction of cruelty to an animal, in running over and killing a dog with an automobile, was authorized by the evidence.

DECIDED NOVEMBER 16, 1921.

Indictment for misdemeanor; from Camden superior court — Judge Highsmith. June 1, 1921.

The indictment charged Harry Rudulph with having wilfully engaged " in an act of cruelty to a domestic animal belonging to John Brazell, said animal being a dog and the said Harry Rudulph wilfully and negligently running over said dog with an automobile and thereby killing it." The only witness was John Brazell, who testified that his dog was lying in the middle of a public road about 50 or 60 feet wide, in front of his house, when he first saw an automobile, driven by the defendant, which was about 50 or 60 feet from the dog, and which ran over it and passed on without stopping. He further testified: " The dog

appeared to move just as the car was about that close to him [indicating about three feet]; he [the defendant] did not throw the car in mutual or put on brakes until he was beyond the dog. When he hit the.dog he appeared to throw in mutual and put on brakes, and then I judge it must have dragged the dog, as there was no track of the hind wheel, for five feet. . . The dog got up and came through the fence and came up on the porch to me and reeled over in his hind parts, . . and he laid there and was dead in less than three minutes; . . the best I could tell he was run [over] right across the middle. . . There was plenty of room for a fellow to have turned out of the way of the dog; a fellow in an automobile going the way he was going could see a dog lying as that dog was lying in the road possibly 100 yards, or possibly further. . . The speed [of the automobile] was not reduced, none at all; the exhaust continued right on as it was before the·automobile came in view, and after hitting the dog the exhaust was different; the horn was not hooted and I did not see any effort made by the defendant to go around the dog — none at all. The track was perfectly straight until it struck .the dog. When it struck the dog it threw the wheels to the right, and he was then going into the fence. . . After the dog was run over, the defendant went right on down the road, and I got in my Ford and followed him. . . I run him about ten miles and overtook him. . . He said when he saw the dog he put on brakes and his brakes did not hold him."

S. C. Townsend, for plaintiff in error, cited: Seaboard Air-Line Ry. v. McDonald, 19 Ga. App. 629-30.

Alvin V. Sellers, solicitor-general, contra, cited: Penal Code (1910), §§ 753, 755; Moore v. State, 121 Ga. 194; So. Ry. Co. v. Keel, 7 Ga. App. 244.

LUKE, J. Rudulph was convicted of the offense of cruelty to an animal. The evidence was sufficient to authorize the conviction; the verdict has the approval of the trial judge, and for no reason assigned was it error to overrule the motion for a new trial. See Moore v. State, 121 Ga. 194 (48 S. E. 919).

Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.